# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE MARSH, | CASE NO. 1:10-cv-02353 OWW GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| JERRY BROWN, et al., | (Doc. 1) |
| Defendants. | |

## Screening Order

**I.  Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 12132 and 42 U.S.C. § 1983. . The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claims

The events at issue in this action occurred at the California Correctional Institution at Tehachapi (CCI), where Plaintiff was housed at the time of the events complained of. Plaintiff styles his complaint as an action for relief under the Americans With Disabilities Act (ADA), 42 U.S.C. § 12132 and 42 U.S.C. § 1983. Plaintiff alleges that, despite his inmate grievances, he has been denied minimum security classification. Plaintiff contends that he should be housed at "fire camp" instead of at CCI. Plaintiff seeks an "emergency recalculation" of his release date. Plaintiff claims that the denial of his reclassification was done in violation of the ADA.

Plaintiff alleges that he is being housed "with very violent maximum security inmates" in overcrowded and understaffed conditions. Plaintiff alleges that he was sexually assaulted by another inmate. Plaintiff also alleges that he suffered a diabetic stroke due to lockdowns denying him exercise. Plaintiff alleges that he suffered these deprivations as a result of "government officials" that violated the ADA. Plaintiff alleges that officials have violated the ADA by "retaliating against and coercing to have his remaining teeth all pulled or denying adequate dental care for serious dental needs for over seven years causing extreme pain and mental suffering." Plaintiff alleges that his rights under the ADA were also violated by "causing nutritional value to be limited to cornmeal mush, mashed potatoes and noodles," all of which cause "blood sugar spikes."

Plaintiff alleges that government officials have violated his rights by

> coercing plaintiff to participate in federally funded DPO (a program designed for people who intermittent wheelchair users) in effort to impact his placement at PVSP for the purpose of generating illegal monetary gain and punishing plaintiff at the same time with deliberate indifference to additional strain on taxpayers dollars or to public interest for approximately two years and six months.

(Compl. ¶ 19.)

### A.     Americans With Disabilities Act

Title II of the Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act (RA) "both prohibit discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132; see also Lowell, 303 F.3d at 1052 (to establish violation of Title II of ADA, Plaintiff must show that (1) he is a qualified individual with a disability; (2) he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of his disability), cert. denied, 537 U.S. 1105 (2003).

The Court finds Plaintiff's allegations to be vague. Plaintiff references his intermittent use of a wheelchair, but does not specifically allege facts indicting that he is a qualified individual with a disability, or what specific service, program or activity he is denied based upon that disability. Plaintiff lists numerous complaints regarding the conditions of his confinement, and imputes to correctional officials the intent to retaliate against him in violation of the ADA. Plaintiff may not assert his list of violations under the umbrella of the ADA.

Further, the treatment or lack of medical treatment for Plaintiff's condition does not provide a basis upon which to impose liability. Burger v. Bloomberg, 418 F.3d 882 (8th Cir. 2005) (medical treatment decisions not basis for ADA claims); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (medical decisions not ordinarily within the scope of the ADA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice."). Aside from Defendants' medical treatment decisions of which Plaintiff complains

and which are not an appropriate basis upon which to predicate an ADA claim, Plaintiff alleges no facts to show that any named Defendant participated in, or was otherwise responsible for, excluding him from numerous activities, programs, and benefits otherwise available to him. Therefore, Plaintiff fails to state a cognizable claim for violation of his rights under Title II of the ADA.

**B.    Civil Rights Act**

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

The only named defendants in this action are the former governor and current governor of California. Plaintiff may only sue these individual defendants under section 1983 if they personally participated in the conduct at issue. Each defendant is only liable for his or her own misconduct. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948-49 (2009). A defendant may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

///

///

**1.    Conditions of Confinement**

Under Foster v. Runnels, 554 F.3d 807 (9th Cir. 2009), an inmate seeking to prove an Eighth

Amendment violation must "objectively show that he was deprived of something 'sufficiently serious,' and "make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Id. at 812 (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). The second step, showing "deliberate indifference," involves a two part inquiry. First, the inmate must show that the prison officials were aware of a "substantial risk of serious harm" to an inmate's health or safety. Farmer, 511 U.S. at 837. This part of our inquiry may be satisfied if the inmate shows that the risk posed by the deprivation is obvious. See id. at 842. ("[A] factfinder may conclude that a prison official knew of a substantial risk [to a prisoner's health] from the very fact that the risk was obvious.") Second, the inmate must show that the prison officials had no "reasonable" justification for the deprivation, in spite of that risk. See id. at 844. ('[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably."). Here, the only named defendants are former Governor Schwarzenegger and Governor Brown. Plaintiff has not alleged any facts indicating that any named individual defendant subjected him to unconstitutional conditions of confinement, as that term is described above. This claim should therefore be dismissed.

### 2. Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). To establish a prima facie case, Plaintiff must allege and show that defendants acted to retaliate for his exercise of a protected activity, and defendants' actions did not serve a legitimate penological purpose. See Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994); Pratt, 65 F.3d at 807. The injury asserted in retaliation cases is the retaliatory conduct's chilling effect on Plaintiff's First Amendment rights. See Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997); Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000). A plaintiff asserting a retaliation claim must demonstrate a "but for" causal nexus between the alleged retaliation and plaintiff's protected activity (i.e. filing a legal action). McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979); see Mt. Healthy City School Dist.Bd. Of Educ. v. Doyle, 429 U.S. 274 (1977). The prisoner must submit evidence, either

direct or circumstantial, to establish a link between the exercise of constitutional rights and the allegedly retaliatory action. Pratt, 65 F.3d at 806. Timing of the events surrounding the alleged retaliation may constitute circumstantial evidence of retaliatory intent. See Pratt, 65 F.3d at 808; Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1316 (9th Cir. 1989). Plaintiff has failed to allege any facts that satisfy this standard. This claim must therefore be dismissed.

### 3. Medical Care

"[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle, 429 U.S. at 105. In order to state an Eighth Amendment claim based on deficient medical treatment, a plaintiff must show: (1) a serious medical need; and (2) a deliberately indifferent response by the defendant. Conn v. City of Reno, 572 F.3d 1047, 1055 (9th Cir. 2009) (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). A serious medical need is shown by alleging that the failure to treat t a plaintiff's condition could result in further significant injury, or the unnecessary and wanton infliction of pain. Id. A deliberately indifferent response by a defendant is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. Id. In order to constitute deliberate indifference, there must be an objective risk of harm and a defendant must have subjective awareness of that harm. Id.

However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Isolated occurrences of neglect do not constitute deliberate indifference to serious medical needs. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992); O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990).

Plaintiff has failed to allege any facts that support a claim for an Eighth Amendment violation. Plaintiff must allege facts indicating that an individual defendant knew of and disregarded a serious risk to Plaintiff's health, resulting in injury to Plaintiff. No such facts are alleged in this case. This claim must therefore be dismissed.

### 4. Classification

Plaintiff's allegation that his parole date was incorrectly calculate implies the invalidity of his sentence. Should Plaintiff get the relief he seeks, he would be entitled to an earlier release. When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991).

Where the complaint states a habeas claim instead of a § 1983 claim, the court should dismiss the claim without prejudice for failure to exhaust, rather than converting it to a habeas and addressing it on the merits. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). Where the complaint alleges claims that sound in habeas and claims that do not, the court should allow the non-habeas claims to proceed. See Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 681-82 (9th Cir. 1984). Plaintiff's habeas claim should therefore be dismissed without prejudice to re-filing in a separate action.

### C. Multiple Claims

Plaintiff clearly brings this action pursuant to two separate statutes, the Civil Rights Act and the Americans With Disabilities Act. Plaintiff appears to use the umbrella of the ADA to set forth a list of complaints regarding the conditions of his confinement. "The controlling principle appears in Fed.R.Civ.P. 18(a) 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or alternate claims, as many claims, legal equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are permissible, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass (a multiple claim, multiple defendant) suit produces, but also to ensure that prisoners pay the required filing fees. The Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without the prepayment of the required fees. 28 U.S.C. § 1915(g). George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's complaint includes multiple unrelated claims. While it appears that Plaintiff may be able to state at least one cognizable claim, he clearly violates Rule 18(a) by including multiple

unrelated claims in this single filing.  Plaintiff will be given an opportunity to file a first amended complaint under this case number, wherein he is directed to plead/allege only related claims.  All unrelated claims should be brought in separate suits.  Plaintiff is advised that if he chooses to file a second amended complaint, and fails to comply with Rule 18(a), the Court will count all frivolous/noncognizable unrelated claims that are dismissed as strikes, such that Plaintiff may be barred from filing in forma pauperis in the future.  Should Plaintiff seek to proceed under the ADA, he should address the concerns noted above.  Plaintiff is cautioned that he may not bring his civil rights claims in an action pursuant to the ADA.  Plaintiff has been provided with the appropriate legal standards for his civil rights claims.  Should Plaintiff desire to proceed with those claims in addition to his ADA claim, he should do so by the filing of a separate lawsuit.

### III.    Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983 or the ADA.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at

1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.


IT IS SO ORDERED.

Dated: **August 26, 2011**           /s/ **Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE