1

2

3

4

5

6

7

8  **UNITED STATES DISTRICT COURT**

9  EASTERN DISTRICT OF CALIFORNIA

10

11  LAWRENCE MARSH,                          1:10-cv-02353-LJO-GSA-PC

12              Plaintiff,                   FINDINGS AND RECOMMENDATIONS,
                                             RECOMMENDING THAT PLAINTIFF'S
13       v.                                  MOTION TO COMPEL RETURN OF WORD
                                             PROCESSOR BE DENIED
14  JERRY BROWN, et al.,                     (Doc. 16.)

15                                           OBJECTIONS,  IF  ANY,  DUE  WITHIN
                Defendants.                  THIRTY DAYS
16

17  _____/

18  **I.    BACKGROUND**

19       Lawrence Marsh ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with

20  this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this

21  action on December 8, 2010.  (Doc. 1.)  The Court screened the Complaint under 28 U.S.C. § 1915A

22  and issued an order on August 29, 2011, dismissing the Complaint with leave to amend.  (Doc. 12.)

23       On October 25, 2011, Plaintiff filed a motion for a court order compelling prison officials

24  to return his word processor to him.  (Doc. 16.)  The Court treats Plaintiff's motion as a motion for

25  preliminary injunctive relief.

26  **II.   PRELIMINARY INJUNCTION**

27       "A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter v.

28  Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted).  "A plaintiff

1

1  seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is

2  likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips

3  in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted).  An

4  injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief.  Id. at 376

5  (citation omitted) (emphasis added).

6        Federal courts are courts of limited jurisdiction and in considering a request for preliminary

7  injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before

8  it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660,

9  1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.,

10  454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  If the Court does not have an actual case or

11  controversy before it, it has no power to hear the matter in question.  Id.  Requests for prospective

12  relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which

13  requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary

14  to correct the violation of the Federal right, and is the least intrusive means necessary to correct the

15  violation of the Federal right."

16        Plaintiff has requested a court order compelling the return of his word processor.  The order

17  requested by Plaintiff would not remedy any of the claims upon which this action proceeds.  This

18  action is proceeding against defendants based on events occurring at the California Correctional

19  Institution in 2010 when Plaintiff was incarcerated there.  Plaintiff is now incarcerated at Corcoran

20  State Prison and requests a court order compelling prison officials there to act.  Because such an

21  order would not remedy any of the claims upon which this action proceeds, the Court lacks

22  jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion must be denied.

23        Moreover, "[A] federal court may [only] issue an injunction if it has personal jurisdiction

24  over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the*

25  *rights of persons not before the court*." Zepeda v. United States Immigration Service, 753 F.2d 719,

26  727 (9th Cir. 1985) (emphasis added).  Because prison officials at Corcoran State Prison are not

27  defendants in Plaintiff's lawsuit, the Court does not have jurisdiction to issue an order in this action

28  compelling them to act pursuant to Plaintiff's motion.

**III.     CONCLUSION AND RECOMMENDATIONS**

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion to compel the return of his word processor, filed on October 25, 2011, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:      October 26, 2011**                              **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE

3