# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE MARSH,<br><br>        Plaintiff,<br><br>    v.<br><br>JERRY BROWN, et al.,<br><br>        Defendants. | 1:10-cv-02353-LJO-GSA-PC<br><br>ORDER DIRECTING CLERK TO FILE SECOND AMENDED COMPLAINT WHICH WAS LODGED ON JANUARY 23, 2012<br>(Doc. 27.) |

Lawrence Marsh ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 8, 2010. (Doc. 1.) The Court screened the Complaint and entered an order on August 29, 2011, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 12.) On January 18, 2012, Plaintiff filed the First Amended Complaint. (Doc. 26.) On January 23, 2012, Plaintiff submitted a Second Amended Complaint which was lodged by the Court. (Doc. 27.)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Id. Here, because Plaintiff has already amended the complaint once, Plaintiff requires leave of court to file a Second Amended Complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R.

1

1 Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices
2 the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is
3 futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to
4 amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting
5 Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

Plaintiff submitted the Second Amended Complaint five days after he filed the First Amended Complaint. The Court now has before it, for screening, the First Amended Complaint and the lodged Second Amended Complaint.[1] The Court has examined the First Amended Complaint and the Second Amended Complaint and finds that they are largely alike, except for some additions to the allegations by Plaintiff. Because the Court has not screened the First Amended Complaint, and Plaintiff has submitted a Second Amended Complaint with few changes, the Court finds good cause to allow Plaintiff to proceed with the Second Amended Complaint. The Court finds no evidence that Plaintiff seeks to amend in bad faith, or that allowing the amendment prejudices the defendants, produces an undue delay in the litigation, or is futile. Therefore, the Court shall allow Plaintiff to file a Second Amended Complaint at this stage of the proceedings, and the Second Amended Complaint shall supercede the First Amended Complaint. See Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012).

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff is granted leave to file a Second Amended Complaint; and
2. The Clerk is DIRECTED to file the Second Amended Complaint which was lodged by Plaintiff on January 23, 2012.

IT IS SO ORDERED.

Dated:  December 20, 2012          /s/ Gary S. Austin
                                   **UNITED STATES MAGISTRATE JUDGE**

---

[1] The Court is required to screen complaints brought by prisoners, such as Plaintiff, seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

2