UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE L. MARSH, | 1:10-cv-02353-LJO-GSA-PC |
| Plaintiff, | ORDER GRANTING MOTION FOR RECONSIDERATION |
| vs. | (Doc. 41.) |
| JERRY BROWN, et al., | ORDER VACATING ORDER DISMISSING CASE |
| Defendants. | (Doc. 39.) |
| | ORDER FOR CLERK TO REOPEN CASE AND RE-SERVE COURT'S ORDER OF APRIL 15, 2013 UPON PLAINTIFF (Doc. 36.) |
| | ORDER GRANTING PLAINTIFF THIRTY DAYS TO COMPLETE AND SUBMIT SERVICE DOCUMENTS |
| | ORDER REFERRING CASE TO MAGISTRATE JUDGE FOR FURTHER PROCEEDINGS |

**I.     BACKGROUND**

Lawrence L. Marsh ("Plaintiff") is a former state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

On June 7, 2013, the Magistrate Judge entered findings and recommendations, recommending that this case be dismissed for Plaintiff's failure to comply with the court's order of April 15, 2013, which required him to complete and return documents to initiate

1

service of process in this action.  (Doc. 37.)  Plaintiff was granted thirty days in which to file objections to the findings and recommendations.  Plaintiff failed to file timely objections, and on July 19, 2013, the undersigned adopted the findings and recommendations, dismissing this case without prejudice.  (Doc. 39.)

On August 8, 2013, Plaintiff filed a motion for an extension of time to file objections to the findings and recommendations, and a request for copies from his case file.  (Doc. 41.)

## II.    PLAINTIFF'S MOTION

Plaintiff seeks leave to file late objections to the Magistrate's findings and recommendations of June 7, 2013.  Plaintiff asserts that he was unable to file timely objections because he did not receive the findings and recommendations, or the court's order requiring him to submit service documents, until months after they were issued, because prison officials at the California Substance Abuse Treatment Facility (SATF) denied him his legal mail beginning in April 2013.  Plaintiff asserts that as soon as he was released from prison, he filed a notice of change of address with the court and subsequently received the court's order dismissing the case.   Plaintiff requests leave to continue with his claims against defendants in this case.

### Discussion

The court construes Plaintiff's motion as a motion for reconsideration of the order dismissing this case.

### *Motion for Reconsideration*

The Court has discretion to reconsider and vacate a prior order.  Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992).  Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs.  Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001); Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir. 1988).  Nor is reconsideration to be used to ask the

court to rethink what it has already thought. <u>Walker v. Giurbino</u>, 2008 WL 1767040, *2 (E.D.Cal. 2008). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." L.R. 230(j).

Plaintiff asserts that he was unable to defend against the dismissal of his case because he was prevented from receiving his legal mail at SATF and was unable to respond to the court's orders. A review of the docket in this case shows that Plaintiff was served the court's orders of April 15, 2013 and June 7, 2013 (Docs. 36, 37) at his address of record at SATF, but Plaintiff failed to respond (Court Record). On June 28, 2013, Plaintiff filed a notice of change of address to a street address in San Diego, giving no indication that he was aware of the court's orders. (Doc. 38.) On July 19, 2013, the court issued its order dismissing this action, based on Plaintiff's failure to respond to the court's orders. (Doc. 39.) Plaintiff's explanation, together with the evidence on the court's record, are sufficient to induce the court to reconsider its order dismissing this case. Therefore, the order dismissing this case shall be vacated, the case shall be reopened, and Plaintiff shall be granted another opportunity to submit documents to initiate service of process in this action.

**III.    CONCLUSION**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion filed on August 21, 2013, which the court construes as a motion for reconsideration, is GRANTED;
2. The court's order dismissing this case, entered on July 19, 2013, is VACATED;
3. The Clerk is directed to:
    (1)    REOPEN this case, and

///

   (2) Concurrently with this order, RE-SERVE the court's order of April 15, 2013 upon Plaintiff (Doc. 36);

4. Plaintiff is GRANTED thirty days from the date of service of this order in which to comply with the court's April 15, 2013 order requiring him to complete and submit service documents to initiate service in this case;

5. This case is referred back to the Magistrate Judge for further proceedings; and

6. Plaintiff's failure to comply with this order shall result in the dismissal of this action.

IT IS SO ORDERED.

Dated:  **August 23, 2013**       /s/ Lawrence J. O'Neill
                  UNITED STATES DISTRICT JUDGE