UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE L. MARSH,<br><br>            Plaintiff,<br><br>      vs.<br><br>JERRY BROWN, et al.,<br><br>            Defendants. | 1:10-cv-02353-LJO-GSA-PC<br><br>ORDER DISMISSING THIS ACTION, WITHOUT PREJUDICE, FOR PLAINTIFF'S FAILURE TO OBEY A COURT ORDER<br>(Doc. 36.)<br><br>ORDER FOR CLERK TO CLOSE CASE |

**I.      BACKGROUND**

Lawrence L. Marsh ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this case on December 8, 2010. (Doc. 1.)

On April 15, 2013, the court issued an order requiring Plaintiff to complete and return documents to initiate service of process upon defendants in this action, within thirty days. (Doc. 36.) The thirty day period expired, and Plaintiff failed to submit the service documents or otherwise respond to the court's order. (Court Record.) On June 7, 2013, the court entered findings and recommendations, recommending that this action be dismissed, without prejudice, for failure to comply with the court's order. (Doc. 37.) Plaintiff was provided an opportunity to file objections to the findings and recommendations within thirty days. (Id.) More than

forty days passed, and Plaintiff did not file objections or otherwise respond to the findings and recommendations. (Court Record.) On July 19, 2013, the undersigned adopted the findings and recommendations, dismissing this action and closing the case. (Doc. 39.)

On August 21, 2013, Plaintiff filed a motion for extension of time to file objections to the findings and recommendations. (Doc. 41.) The court construed Plaintiff's motion as a motion for reconsideration of the order dismissing the case. On August 26, 2013, the court granted the motion for reconsideration and reopened the case, granting Plaintiff thirty days to comply with the court's order of April 15, 2013 by submitting completed service documents to the court. The thirty day time period has now expired, and Plaintiff has not submitted service documents, requested an extension of time, or otherwise responded to the court's order. (Court Record.)

## II.     DISMISSAL OF CASE FOR FAILURE TO COMPLY WITH COURT ORDER

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since December 2010. Plaintiff's failure to respond to the court's order may reflect Plaintiff's disinterest in prosecuting this case. In such an instance, the court cannot continue to expend its scarce resources assisting a litigant who will not help himself by responding to the court's orders or submitting the documents required to initiate service of process upon the defendants. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently

increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to return documents to the court that is causing delay. More than six months have passed since the court ordered Plaintiff to submit service documents, and he has not complied. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the court which would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. However, inasmuch as the dismissal being considered in this case is without prejudice, the court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

Based on the foregoing, Plaintiff's case shall be dismissed, without prejudice.

### III. CONCLUSION

Accordingly, IS HEREBY ORDERED that:

1. This case is DISMISSED, without prejudice, based on Plaintiff's failure to obey the court's order of April 15, 2013; and
2. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **October 17, 2013**         **/s/ Lawrence J. O'Neill**
                                       UNITED STATES DISTRICT JUDGE